15 F.3d 1091
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
DOE,** Defendant-Appellant.
 No. 93-50246.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 5, 1994.*
Decided Jan. 10, 1994.
 
 1
 Before: GOODWIN and HALL, Circuit Judges; TANNER, District Judge.***
 
 
 2
 MEMORANDUM****
 
 
 3
 Doe appeals his 100-month sentence imposed after a guilty plea to two counts of armed and unarmed bank robbery in violation of 18 U.S.C. Sec. 2113(a) and (d). We affirm.
 
 
 4
 The only issue the defendant raises on appeal is the district court's refusal to grant a downward departure from the Sentencing Guidelines range. The presentence report calculated Doe's sentencing range at 100 to 125 months based on an offense level of 24 and a criminal history of VI.
 
 
 5
 Prior to sentencing, Doe moved for a downward departure based on the ground that a "complex of factors" existed in his case that justified it. See United States v. Cook, 938 F.2d 149 (9th Cir.1991).[1] He argued that the court should grant him a downward departure based on his substantial assistance to state authorities in an investigation against the Aryan Brotherhood prison gang and the resulting danger in prison that he faces as a result of that assistance. Defendant's assistance included testifying for the state in a murder trial involving an Aryan Brotherhood member.
 
 
 6
 The Government refused to agree that a departure was warranted, however. It contended that Doe knew that by committing bank robberies he would be subject to being returned to prison as punishment. It also argued that the defendant's case was not uncommon, and the Bureau of Prisons was able to address the safety concerns presented.
 
 ANALYSIS
 
 7
 This court has repeatedly held that a sentencing court's discretionary decision not to depart downward is not subject to review on appeal. United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 234 (1992). However, we review de novo a district court's legal determination that the Guidelines prevent departure if the court indicates it would otherwise have departed. Id. at 676.
 
 
 8
 Doe argues that the district court mistakenly believed that it had no authority to depart downward from the Guidelines and that the court's mistaken belief should be grounds for resentencing. The Government, however, contends that the court did believe it had authority to depart, but decided not to.
 
 
 9
 Although the district court could have made its position more explicit, a review of the sentencing hearing transcript confirms that the Government's position is the correct one. In response to the defense counsel's statement that the case was atypical and fell "outside the bell-shaped curve," the court stated: "I think it does." The court added:
 
 
 10
 If I were to accept the proposition that the Sentencing Commission hasn't thought about this problem adequately, then I would turn them into me and say, ["I]f they did think about it adequately, what would they do["?], and I don't have an answer to that.
 
 
 11
 I don't think it's all or nothing, but it doesn't take very long. You want to hurt somebody, you can hurt them in a big hurry, and I don't think months are the answer.
 
 
 12
 Facility is the answer, maybe; treatment within the facility is the answer, maybe; but I don't think months are the answer.
 
 
 13
 ER at 45-46.
 
 
 14
 Reviewing this discourse in context, it is clear that the district court assumed that it had authority to depart, but decided that the facts did not warrant such a departure. The court reasoned that the defendant's problem was more properly addressed by the Bureau of Prisons, perhaps through increased safety protections afforded him in prison, rather than by adjusting the term of imprisonment below the Guidelines range. In other words, the district court made a discretionary decision not to depart downwards based on the danger to the defendant in prison posed by his substantial assistance to authorities. See United States v. Beamon, 992 F.2d 1009, 1015 (9th Cir.1993).[2]
 
 
 15
 Thus, because the court's decision not to depart "did not appear to rest on the judge's belief that departure was prevented as a matter of law," we must decline to review the decision. See Belden, 957 F.2d at 676.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 We use DOE to protect the defendant's identity in light of the sensitive nature of this case. All of the briefs, transcripts, and records were filed under seal
 
 
 ***
 The Honorable Jack E. Tanner, United States District Judge for the Western District of Washington, sitting by designation
 
 
 ****
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Cook court based its decision on the statutory basis for departure found in 18 U.S.C. Sec. 3553(b). Id. at 152-53. Under that section, the sentencing court may impose a sentence outside the Guideline range if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines."
 
 
 [2]
 In arguing against such an interpretation, the defendant emphasizes the statement by the judge after the excerpt quoted above where the judge concluded: "So I think I can't depart." ER at 46. However, when viewed in context, it is clear that the judge merely restated that in exercising his discretion, he would not depart. See Beamon, 992 F.2d at 1015